ANGELINA ADAMS, &c., v. JORDAN PERKINS, &c.

Judgment—For Sale of Land—Setting Aside—Subsequent Term—Second Judgment for Sale—Suit to Set Aside.

A final judgment can not be set aside at a subsequent term of the court unless for some of the grounds prescribed in the Code. When the order purporting to set aside the first judgment, no sale of the land had been made by the first judgment, the whole of the land was to be sold to pay the debts without regard to the claim of the widow for dower, and it is not proved that the land brought less when sold than it would have brought if it had been sold under the first judgment. Held, That the order setting aside the first judgment may be treated as a nulity and it may be regarded as in full force, the second judgment for the sale of the same land for the payment of the same debts is not necessarily erroneous.

APPEAL FROM GARRARD CIRCUIT COURT.

January 6, 1872.

OPINION OF THE COURT BY JUDGE PETERS:

The will of John Q. Adams, late of Garrard county, was probated in the proper court in March, 1866, by which he devised the use and control of the whole of the remainder of his estate, after the payment of his debts, to his widow, the appellant, Ange·lina Adams, so long as she remained his widow, and in the event of her marriage she was to have one-third of his estate, and he nominated her as his executrix. She declined to act, and J. M. Higgins was appointed administrator, with the will annexed.

On the 2d of March, 1867, the administrator *cum testamento* filed a petition in equity in the Garrard circuit court against the widow, children and creditors of the testator, alleging a deficiency of personal assets to pay the debts. Asking a reference of the case to the master to ascertain and report the debts of testator, and praying for a sale of as much of the real estate as should be required to pay the debts.

At the February term, 1868, after the master had returned his report, from which it appeared the outstanding debts against the estate amounted to $5,043.47, after the personal assets were exhausted, a judgment was rendered for a sale of so much of the land owned by testator at his death as would be sufficient to pay said sum with the accruing interest and costs, and a commissioner appointed to make the sale.

Under that judgment no sale was made, and on the 4th of September, 1868, the following order was made:

"The judgment heretofore rendered at a former term confirming the commissioner's report, and ordering the sale of the land, is set aside, and this cause is remanded to the master in chancery to make further report of any other claims against the estate of decedent, and this cause is continued."

At the February term, 1869, a motion was made by some of the creditors to have the land placed in possession of a receiver to be rented out, it having up to that time remained in the possession of the widow. In opposing that motion, she filed her own affidavit, in which she states that she has at all times been willing, and was then willing, that the land should be sold to pay the debts of her husband, and to that end she had made a contract with Jordan Perkins, the principal creditor, and others, that a judgment should be rendered at the present term of this court ordering

a sale of the whole of the home tract of land, amounting to about 300 acres, provided said Perkins and other creditors would bid as much as $30 per acre for said land, which they agreed to do, and which would be greatly more than enough to pay off all the debts with interest and costs of suit. And she states that said 300 acres of land is cheap at the thirty dollars per acre; that she believed until within the last month that the agreement aforesaid would be promptly and faithfully carried out, but regrets to have found a spirit in Perkins, and some of the other creditors, to abandon their own agreement, and now by their affidavits are attempting unnecessarily to take the land out of her possession, and to leave her out of doors, and that too after they have thus made and violated their own proposition and promises.

And in another affidavit sworn to by appellant Angelina Adams April 8th, 1870, she repeats the statement that she had made an agreement with Perkins and others to consent to a sale of the land, they agreeing on their part to bid for it $30 per acre, which she was willing to carry out; but they had refused. And she then insists that the sale should be postponed until she could have time to realize the proceeds from debts in the South owing to her late husband and sufficient to pay all his debts, and which were in process of collection.

At the April term, 1870, of said court Mrs. Adams was adjudged to be entitled to dower in the lands of her late husband, the master directed to lay off and set apart to her *85 acres,* including the improvements, and the residue of the lands offered to be sold, or a sufficiency thereof to pay the debts, and the land was sold. And from this judgment an appeal is prosecuted by the widow and children of said testator.

Certainly no citation of authority is necessary to enlighten this court that after the circuit judge had rendered a final judgment in the case, that at a subsequent term of the court he had no power to set aside, change or modify said judgment, unless for some of the grounds prescribed in the Civil Code—none of which are attempted in this case. But what is sought by this appeal? No judgment had been rendered precluding creditors of testator from coming forward and proving their debts when the first judgment was rendered; they had a right to present and prove their claims, and upon sufficient proof have them allowed and paid. When the order purporting to set aside the judgment for a sale of the land was entered on the 19th of February, 1868, no sale had been made,

other claims were outstanding, and were afterwards proved; the widow and children occupied the land and appropriated the whole of the proceeds or profits for the year 1868; the widow states in her affidavit she was in possesion in February, 1869. And by the statements quoted from her affidavits it must be apparent she resisted a sale of the land, and by the first judgment of sale the whole of the land was to be sold if necessary to pay the debts, without regard to her claim to dower; indeed, she had not then set up any claim to dower; but seems to have elected to abide by the provisions of the will of her husband. It is not alleged, nor is it proved, that the land brought less when sold than it would have brought if it had been sold between February and September, 1868. The order of September, 1868, may be treated as a nullity, and the judgment of February, 1868, for a sale of the land regarded as in full force. Is a second judgment for a sale of the same land, for the payment of the same debts, remaining unpaid, and which must be paid, necessarily erroneous, and to be reversed because of a previous judgment? It is not shown that appellants are prejudiced by the last; the land must necesasrily be sold, and when it is sold, if sold according to law, that is an end of it. But the subsequent proceedings in the case show very conclusively that the order of September, 1868, setting aside the judgment of February, 1868, was acquiesced in by all the parties, and especially Mrs. Angelina Adams, who was certainly benefited thereby.

We are not prepared to say that the court abused a sound discretion in refusing to permit the amended answer of Mrs. A. Adams to be filed, even if the paper copied in this record be the same, which, however, we can not regard as such, as there is no order of the *court* nor bill of exceptions to identify it as the same paper tendered.

We perceive no error in the order of the 23d of December, 1870, nor in those of the 12th and 13th of April, 1871, complained of.

Perceiving, therefore, no errors prejudicial to appellants in any of the orders and judgments complained of, the judgments are affirmed.

*Bradleys, for appellants.*
*Dunlap, for appellees.*